United States District Court
Southern District of Texas
**ENTERED**
April 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROXANNE M. GRANDERSON, a/k/a | § | |
| ROXAND M. GRANDERSON | § | |
| (SPN # 02027037), | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-26-134 |
| | § | |
| OFFICER WILLIAMS, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Roxanne M. Granderson, a/k/a Roxand M. Granderson, (SPN # 02027037), was formerly a pretrial detainee in the Harris County Jail. In January 2026, she filed a prisoner civil-rights complaint under 42 U.S.C. § 1983, alleging violations of her constitutional rights by City of Baytown Police Officer Williams in connection with her arrest. (Dkt. 1). Granderson also filed a motion for leave to proceed *in forma pauperis*, but that motion was not accompanied by a certified copy of her inmate trust fund account statement or the institutional equivalent, as required by 28 U.S.C. § 1915(a). (Dkt. 2).

On January 12, 2026, the Court ordered Granderson to either pay the applicable filing fee or file a properly supported motion to proceed *in forma pauperis* by February 11, 2026. (Dkt. 6). The Court later granted Granderson's letter motion

1/ 4

for additional time to provide the required inmate trust fund account information. (Dkt. 10). Both orders warned Granderson that if she failed to comply, her action would be dismissed without further notice under Rule 41(b) of the Federal Rules of Civil Procedure.

The order granting Granderson's letter motion for an extension of time has been returned as undeliverable, with a notation stating that Granderson has been released from custody. (Dkt. 11). Granderson has not provided the Court with an updated address since her release from jail.

Granderson's action will be dismissed for two reasons. First, actions in federal court will not proceed unless the plaintiff has either paid the full amount of the filing fee or been granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914(a). Granderson has done neither. Her action must therefore be dismissed for failing to comply with the Court's orders regarding payment of the filing fee.

Second, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). Rule 83.4 of the Local Rules for the Southern District of Texas, Houston Division, makes a *pro se* litigant responsible for keeping the Clerk advised in writing of his current address. And the Fifth Circuit has held that "the failure of a *pro se* litigant to notify the district

2/ 4

court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy,* 248 F. App'x 589, 593 n.1 (5th Cir. 2007).

Granderson's failure to pursue this action by paying the applicable filing fee and maintaining a current address with the Clerk of Court forces the Court to conclude that she lacks due diligence. Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* Fed. R. Civ. P. 41(b); *Larson v. Scott,* 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order).

Accordingly, the Court **ORDERS** as follows:

1.    Granderson's civil-rights action, (Dkt. 1), is **DISMISSED without prejudice** for want of prosecution.

2.    All pending motions are **DENIED as moot.**

3.    Granderson is advised that upon a showing of good cause for failing to comply with the Court's January 12 and March 31 Orders, relief from this Order may be granted under Federal Rule of Civil Procedure 60(b). Any motion under Rule 60(b) must be accompanied by either payment of the filing fee or a properly

3/ 4

supported motion to proceed *in forma pauperis* and an updated address.

The Clerk will provide a copy of this Order to Granderson.

SIGNED at Houston, Texas on _____*Apr 27*_____, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE